# EXHIBIT A

SUM-100

## SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :

CINGULAR WIRELESS FINANCIAL CORP., a Delaware Corporation;
TERRY HAUFF, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :

MICHAEL LOPEZ, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |

Merced County Superior Court
Merced Branch - Unlimited Civil
627 W. 21st Street, Merced, California 95340

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID A. ROBERTS, SBN 88723, CASWELL, BELL & HILLISON, LLP
5200 North Palm Avenue, Suite 211, Fresno, California 93704-2225
(559) 225-6550

| | | | |
|---|---|---|---|
| DATE DEC 2 9 2004<br>*(Fecha)* | KATHLEEN GOETSCH<br>Clerk, by<br>*(Secretario)* | FELICIA AVELAR<br>, Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)*:  *Cingular Wireless*
   under:  ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*:  *1-11-05*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

11860.000

1 | DAVID A. ROBERTS, SBN 88723
CASWELL, BELL & HILLISON, LLP
2 | 5200 North Palm Avenue, Suite 211
Fresno, California 93704-2225
3 | Telephone:  (559) 225-6550
Telecopier:  (559) 225-7912
4 | Email: droberts@caswellbell.com

5 | Attorneys for Plaintiff MICHAEL LOPEZ

6

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED

9 | MERCED BRANCH – UNLIMITED CIVIL

10 | * * *

11 | MICHAEL LOPEZ, an individual, | Case No. 148165

12 | Plaintiff,

13 | vs.

14 | CINGULAR WIRELESS FINANCIAL CORP., | COMPLAINT FOR DAMAGES
a Delaware Corporation; TERRY HAUFF, an
15 | individual; and DOES 1 through 100, inclusive,

16 | Defendants.

17

18 | Plaintiff MICHAEL LOPEZ, an individual, complains and alleges as follows:

19 | **Preliminary Allegations**

20 | 1.     At all times herein mentioned, Plaintiff MICHAEL LOPEZ, an individual ("Plaintiff"),

21 | was, and is now, a resident of the County of Madera, State of California.

22 | 2.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

23 | Defendant CINGULAR WIRELESS FINANCIAL CORP., a Delaware Corporation ("Defendant

24 | CINGULAR"), was, and is now, a Delaware Corporation, with its principal place of business in Atlanta,

25 | State of Georgia, and was, and is now, engaged in business in the County of Merced, State of California,

26 | and elsewhere in the State of California.

27 | 3.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

28 | Defendant TERRY HAUFF ("Defendant HAUFF") was, and is now, a resident of the County of

Complaint (00106899.WPD;1) | COMPLAINT FOR DAMAGES

1   MERCED, State of California, and that he committed the wrongful acts herein in the County of Merced,
2   State of California.

3       4.      Does 1 through 100, inclusive, herein are sued pursuant to Code of Civil Procedure
4   Section 474 and are in some manner responsible for the acts, occurrences, omissions and damages
5   alleged herein. Plaintiff will amend this complaint to state their true names and capacities when the
6   same have been ascertained.

7       5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,
8   each defendant was an agent or employee of each of the remaining defendants and, in doing the things
9   herein mentioned, was acting within the scope of such agency or employment, and that each defendant
10  ratified the acts or omissions of the remaining defendants.

11      6.      For approximately twenty (20) years, before his termination, Plaintiff had been
12  continuously employed by Defendant CINGULAR, or its predecessor, as a supervisor in its Customer
13  Service Division in the County of Merced, State of California. During this period of time, Plaintiff
14  enjoyed an excellent service record, received numerous commendations, high marks on all of his
15  performance reviews, and received regular and consistent pay raises.

16      7.      In late 2003, Defendant CINGULAR had just completed, or was in the process of
17  completing, a merger with AT&T Wireless after which Defendant CINGULAR would be the surviving
18  entity. Defendant CINGULAR became aware that after the merger it would have a tremendous surplus
19  of middle-management supervising personnel. Plaintiff was classified as a middle management
20  supervisor. It was at this time, Plaintiff believes, and thereon alleges, that he was targeted for
21  termination as a consequence of his age, nationality and ancestry. Plaintiff also believes, and thereon
22  alleges, that his termination was planned and timed so that Defendant CINGULAR would not have to
23  pay him his accrued but unpaid vacation time.

24      8.      In late 2003, as well, Defendant CINGULAR began looking for ways to reprimand and
25  find fault with the job that was being done by Plaintiff. In late 2003, Plaintiff received a telephone call
26  from his daughter complaining about her cellular bill with Defendant CINGULAR. Plaintiff did not
27  personally handle the complaint, but referred it to another person within his division.   Plaintiff is
28  informed and believes, and thereon alleges, that this procedure did not violate any existing company

Complaint (00106899.WPD;1)                              2                              COMPLAINT FOR DAMAGES

1 policy. Nevertheless, Defendant CINGULAR seized upon this episode and with little or no
2 investigation terminated Plaintiff on December 30, 2003. If Plaintiff had been employed on
3 December 31, 2003, his rights to accrued vacation time would have attached and he would have been
4 entitled to vacation time benefits in the amount of Nine Thousand Four Hundred Twenty and 93/100
5 Dollars ($9,420.93).

6     9. On December 30, 2003, Plaintiff was terminated from his position with Defendant
7 CINGULAR. On that day, upon the direct order of Defendant HAUFF, Plaintiff was physically and
8 forcibly escorted from the business premises by security personnel, and Plaintiff suffered humiliation,
9 mental anguish, and physical distress as a result of the actions taken by Defendant CINGULAR and
10 Defendant HAUFF.

11
12 <center>**First Cause of Action**</center>

13 <center>**(Against Defendant CINGULAR)**</center>

14 <center>**Discrimination in Employment on Account of Age
in Violation of Government Code Section 12941**</center>

15     10. Plaintiff incorporates by this reference paragraphs 1 through 9, inclusive, of this
16 complaint.

17     11. At all times herein mentioned, Defendant CINGULAR regularly employed more than
18 fifty (50) persons.

19     12. The adverse employment actions taken against Plaintiff by Defendant CINGULAR, as
20 alleged herein, constituted unlawful discrimination in employment on account of age in violation of
21 Government Code Section 12941. Some or all of the adverse employment actions took place in the
22 County of Merced, and Plaintiff was terminated in the County of Merced.

23     13. As a proximate result of the conduct of Defendant CINGULAR, as alleged herein,
24 Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional
25 amounts of money Plaintiff would have received as vacation benefits. As a result of the conduct of
26 Defendant CINGULAR, Plaintiff has suffered damages in an amount which will be shown according
27 to proof at trial.

28 ///

1    14.    As a further proximate result of the conduct of Defendant CINGULAR, as alleged

2    herein, Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has

3    suffered damages in an amount which will be shown according to proof at trial.

4    15.    Plaintiff is informed and believes, and thereon alleges, that the conduct of Defendant

5    CINGULAR, as described herein, was done with malice, spite, ill-will, fraud, oppression, and in

6    disregard of Plaintiff's rights.

7    16.    Plaintiff is informed and believes, and thereon alleges, that the individual defendants,

8    who committed the above conduct, were managing agents and/or supervisors of Defendant

9    CINGULAR, and that Defendant CINGULAR ratified the conduct of said individual defendants.

10   17.    By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under Civil

11   Code Section 3294 in an amount which will be shown according to proof at trial.

12   18.    Prior to filing this complaint, Plaintiff exhausted his administrative remedies and

13   received a right-to-sue notice from the California Department of Fair Employment and Housing.

14                          Second Cause of Action

15                      (Against Defendant CINGULAR)

16                   Discrimination in Employment on
                  Account of National Origin and Ancestry
17           in Violation of Government Code Section 12940

18   19.    Plaintiff incorporates by this reference paragraphs 1 through 9, inclusive, of this

19   complaint.

20   20.    Under both the Fair Employment and Housing Act, and the policy of Defendant

21   CINGULAR, Plaintiff was entitled to be free of discrimination because of his national origin and/or

22   ancestry.

23   21.    The actions taken by Defendant CINGULAR, as alleged herein, were intended to

24   interfere with and discriminate against Plaintiff on account of his national origin and/or ancestry in

25   violation of Government Code Section 12940. The actions of Defendant CINGULAR were committed

26   in the County of Merced.

27   22.    As a proximate result of the conduct of Defendant CINGULAR, as alleged herein,

28   Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional

Complaint (00106899.WPD;1)                          4                          COMPLAINT FOR DAMAGES

1   amounts of money which Plaintiff would have received as vacation benefits. As a result of the conduct
2   of Defendant CINGULAR, as alleged herein, Plaintiff has suffered damages in an amount which will
3   be shown according to proof at trial.

4       23.     As a further proximate result of the conduct of Defendant CINGULAR, as alleged
5   herein, Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has
6   suffered damages in an amount which will be shown according to proof at trial.

7       24.     Plaintiff is informed and believes, and thereon alleges, that the conduct of Defendant
8   CINGULAR, as alleged described herein, was done with malice, spite, ill-will, fraud, oppression, and
9   in disregard of Plaintiff's rights.

10      25.     Plaintiff is informed and believes, and thereon alleges, that the individual defendants,
11  who committed the above conduct, were managing agents and/or supervisors of Defendant
12  CINGULAR, and that Defendant CINGULAR ratified the conduct of said individual defendants.

13      26.     By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under Civil
14  Code Section 3294 in an amount which will be shown according to proof at trial.

15      27.  Prior to filing this complaint, Plaintiff exhausted his administrative remedies and
16  received a right-to-sue notice from the California Department of Fair Employment and Housing.

17                               **Third Cause of Action**

18                          **(Against Defendant CINGULAR)**

19                    **Termination in Violation of Public Policy**

20      28.     Plaintiff incorporates by this reference paragraphs 1 through 27, inclusive, of this
21  complaint.

22      29.     Defendant CINGULAR's conduct in terminating Plaintiff in violation of Government
23  Code Section 12941 also violated a substantial and fundamental public policy of the State of California
24  which inures to the benefit of the public.

25  ///
26  ///
27  ///
28  ///

1 **Fourth Cause of Action**

2 **(Against Defendant CINGULAR)**

3 **Termination in Violation of Public Policy**

4     30.     Plaintiff incorporates by this reference paragraphs 1 through 29, inclusive, of this

5 complaint.

6     31.     Defendant CINGULAR's conduct in terminating Plaintiff in violation of Government

7 Code Section 12940 also violated a substantial and fundamental public policy of the State of California

8 which inures to the benefit of the public.

9 **Fifth Cause of Action**

10 **(Against Defendant CINGULAR and Defendant HAUFF)**

11 **Intentional Infliction of Emotional Distress**

12     32.     Plaintiff incorporates by this reference paragraphs 1 through 31, inclusive, of this

13 complaint.

14     33.     The conduct of Defendant CINGULAR and Defendant HAUFF, as alleged herein,

15 including, but not limited to, terminating Plaintiff for pretextural malfeasance, informing those that

16 worked with and for Plaintiff that he was terminated for malfeasance, and physically and forcibly

17 escorting him from the business premises were all for the purpose of causing Plaintiff to suffer

18 emotional and physical distress, and constitutes extreme and outrageous conduct. This conduct has

19 caused Plaintiff to suffer humiliation, mental anguish, emotional and physical distress and, as a result,

20 Plaintiff has suffered damages in an amount which will be shown according to proof at trial.

21     34.     By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under

22 California Civil Code Section 3294 in an amount which will be shown according to proof at trial.

23     WHEREFORE, Plaintiff prays for judgment as follows:

24     A.     On the First and Second Causes of Action:

25         1.     For loss of wages, salary, benefits, and related expenses according to proof at

26             trial;

27         2.     For general damages according to proof at trial;

28         3.     For punitive damages according to proof at trial; and

Complaint (00106899 WPD;1)            6            COMPLAINT FOR DAMAGES

1          4.    For attorney's fees and costs.

2      B.     On the Third and Fourth Causes of Action:

3          1.    For loss of wages, salary, benefits, and related expenses according to proof at

4              trial;

5          2.    For general damages according to proof at trial; and

6          3.    For punitive damages according to proof at trial.

7      C.     On the Fifth Cause of Action:

8          1.    For general damages according to proof at trial; and

9          2.    For punitive damages according to proof at trial.

10     D.     On all Causes of Actions:

11         1.    For costs of suit incurred herein; and

12         2.    For such other and further relief as the court deems just and proper.

13 Dated: December 28, 2004                    CASWELL, BELL & HILLISON, LLP

14                                     By:

15                                          David A. Roberts, Attorneys for
                                            Plaintiff CHARLES ALHADEFF

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1 | KEVIN R. IAMS (SBN: 154267)
   | WATSON, KHACHADOURIAN & IAMS, LLP
2 | 1000 G Street, 2nd Floor
   | Sacramento, California 95814
3 | Telephone: (916) 498-6240
   | Facsimile: (916) 498-6245
4 |
   | Attorneys for Defendants
5 |
6
7
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | IN AND FOR THE COUNTY OF MERCED
10

11 | MICHAEL LOPEZ, an individual,                    Case No. 148165

12 |                     Plaintiff,                   **NOTICE OF DEMURRER AND
    |                                                 DEMURRER TO PLAINTIFF'S**
13 | v.                                               **COMPLAINT**

14 | CINGULAR WIRELESS FINANCIAL                      Date:     **March 3, 2005**
    | CORP., a Delaware Corporation,                  Time:     **8:15 a.m.**
15 | TERRY HAUFF, an individual; and                  Dept.:    **2**
    | DOES 1 through 100, inclusive,
16 |
    |                     Defendants.
17

18 | **TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:**
19 |
    | **PLEASE TAKE NOTICE** that the demurrer filed herewith has been set for hearing
20 |
    | on March 3, 2005, at 8:15a.m., or as soon thereafter as counsel can be heard in
21 |
    | Department 2 of this Court, located at 627 W. 21st Street, Merced, California 95340.
22 |
    |                            **DEMURRER**
23 |
    | Defendants CINGULAR WIRELESS FINANCIAL CORP., a Delaware
24 |
    | Corporation, and TERRY HAUFF, an individual, demur to plaintiff Michael Lopez's
25 |
    | complaint, filed December 29, 2004, on each of the following grounds:
26 |
    |                      **FIFTH CAUSE OF ACTION**
27 |
    | Plaintiff's fifth cause of action for intentional infliction of emotional distress fails
28

-1-

1    to state facts sufficient to state a cause of action and is barred by the exclusive remedy

2    provision of California's Workers' Compensation Law.

3        This demurrer is brought pursuant to Code of Civil Procedure section 430.10,

4    subdivision (e), and will be based on this notice, the accompanying memorandum of points

5    and authorities and request for judicial notice served and filed herewith; on the papers,

6    records and documents already on file herein; and on any further oral or documentary

7    evidence served and filed herein.

8

9    Dated: February 3 , 2005.      WATSON, KHACHADOURIAN & IAMS, LLP

10

11                        By_____

12                           Kevin R. Iams
                           Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">-2-</div>
<div align="center">NOTICE OF DEMURRER AND DEMURRER</div>

1  **PROOF OF SERVICE**

2      I, Susan MacCulloch, declare:

3      I am a resident of the State of California and over the age of eighteen years, and not

4  a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5  California 95814. On February 3, 2005, I served the within documents:

6    **1.    Notice of Demurrer and Demurrer to Plaintiff's Complaint;**
  **2.    Memorandum of Points & Authorities;**
7    **3.    Request for Judicial Notice**

8

9      ☐  by transmitting via facsimile the above listed document(s) to the fax
number(s) set forth below on this date before 5:00 p.m.

10
11      ☒  by placing the document(s) listed above in a sealed envelope, and placed
the same with the firm's mailing room personnel for mailing in the
United States mail at Sacramento, California in accordance with the
12  firm's ordinary practices, and addressed as set forth below.

13      ☐  by placing the document(s) listed above for overnight delivery via
Federal Express

14
15      ☐  by causing personal delivery of the document(s) listed above to the
person(s) at the address(es) set forth below.

16  David A. Roberts, Esq.
17  CASWELL, BELL & HILLISON, LLP
5200 North Palm Avenue, Suite 211
18  Fresno, CA 93704-2225
Tel: (559) 225-6550
19  Fax: (559) 225-7912

20      I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct. Executed on February 3, 2005, at Sacramento, California.

22
23                          _Susan MacCulloch_
                        Susan MacCulloch

24
25
26
27
28

1   KEVIN R. IAMS (SBN: 154267)
    **WATSON, KHACHADOURIAN & IAMS, LLP**
2   1000 G Street, 2nd Floor
    Sacramento, California 95814
3   Telephone:   (916) 498-6240
    Facsimile:    (916) 498-6245
4
    Attorneys for Defendants
5

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        IN AND FOR THE COUNTY OF MERCED

10

11   MICHAEL LOPEZ, an individual,          )    Case No. 148165
                                            )
12              Plaintiff,                   )    **MEMORANDUM OF POINTS
                                            )    AND AUTHORITIES IN
13   v.                                      )    SUPPORT OF DEFENDANTS'
                                            )    DEMURRER TO PLAINTIFF'S
14   CINGULAR WIRELESS FINANCIAL            )    COMPLAINT**
     CORP., a Delaware Corporation,          )
15   TERRY HAUFF, an individual; and         )    **Date:**     **March 3, 2005**
     DOES 1 through 100, inclusive,          )    **Time:**     **8:15 a.m.**
16                                           )    **Dept.:**    **2**
                Defendants.                  )
17

18

19                                    **I**

20                             **INTRODUCTION**

21          Plaintiff Michael Lopez alleges five causes of action against his former employer,

22   Cingular Wireless Financial Corp., a Delaware corporation ("Cingular") and a single

23   cause of action against Terry Bridgman, erroneously sued as Terry Hauff ("Hauff") for

24   intentional infliction of emotional distress.  Because plaintiff has failed to allege facts

25   sufficient to establish a cause of action against either defendant for intentional infliction of

26   emotional distress, and because the claim against Hauff is barred by the exclusive remedy

27   provision of California's Workers' Compensation Law, defendants demur to plaintiff's

28

                                        -1-

1 | fifth cause of action.

2

## II

3

## FACTS PLEAD BY PLAINTIFF

4 | Plaintiff pleads the following facts pertinent to this Demurrer:

5 | • Plaintiff was employed by Cingular. (Plaintiff's complaint ("Complaint")
6 | filed on December 29, 2004, and attached to defendant's Request for Judicial
7 | Notice as Exhibit A, page 2:11-12.)

8 | • Cingular terminated plaintiff's employment on December 30, 2003. (*Id*. at
9 | page 3:9.)

10 | • On the day plaintiff was terminated, "upon the direct order of defendant
11 | HAUFF, plaintiff was physically and forcibly escorted from the business
12 | premises by security personnel, and plaintiff suffered humiliation, mental
13 | anguish, and physical distress as a result of the actions taken by defendant
14 | CINGULAR and defendant HAUFF." (*Id*. at page 9:7-10.)

15

## III

16

## STANDARD FOR DEMURRER

17 | A party may demurrer to any pleading on the ground that "[t]he pleading does not
18 | state facts sufficient to constitute a cause of action." (Code Civ.Proc. §430.10(e).) For
19 | the purposes of testing the sufficiency of a cause of action the demurrer admits the truth
20 | of all material facts properly plead. (*Aubry v. Tri-City Hosp. Dist*. (1992) 2 Cal.4th 962,
21 | 966-967.) Here, even assuming the truth of the facts plead in plaintiff's Complaint, the
22 | Complaint fails to state facts sufficient to establish a cause of action for intentional
23 | infliction of emotional distress against either defendant.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV

## ARGUMENT

**A.  Plaintiff's Complaint Fails to State a Cause of Action Against Defendants For Intentional Infliction of Emotional Distress**

**1.  Plaintiff Cannot Allege that Either Defendant Engaged in "Extreme and Outrageous Conduct"**

Plaintiff's Complaint pleads a single act by Hauff to support his claim for intentional infliction of emotional distress. Plaintiff alleges "upon the direct order of defendant HAUFF, plaintiff was physically and forcibly escorted from the business premises by security personnel . . ." (Complaint, page 3:7-8, page 6:15-16.) The only conduct plead regarding Cingular is its termination of plaintiff's employment. (*Id*. at page 13:9) Such claims involve workplace conduct that is insufficient to establish a cause of action for intentional infliction of emotional distress.

A central element of a cause of action for intentional infliction of emotional distress is "outrageous conduct beyond the bounds of human decency." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55.) The *Janken* court rejected claims such as the ones made by plaintiff here finding that conduct occurring in the workplace does not rise to the level of "outrageous conduct" necessary to support a claim for intentional infliction of emotional distress. "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct central to the welfare and prosperity of society." (*Ibid*.) According to the Restatement, "liability 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . There is no occasion for the law to intervene . . . where someone's feelings are hurt'." (*Cole v. Fair Oaks Fire Protection District* (1987) 43 Cal.3d 148, 155, note 7 [quoting Rest.(2d) Torts, ¶46, Comm. (d)].)

The acts alleged by plaintiff, being escorted from the business premises by security personnel and being terminated, involve risks inherent in the employment relationship. In *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 752, the California Supreme Court

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT

1 held that even intentional or egregious employer misconduct constitutes a normal part of
2 the employment relationship. For instance, an alleged campaign of harassment by an
3 employer, employer reviews and criticisms, adverse personnel decisions, and frictions in
4 negotiations regarding union grievances, have all been held by the California Supreme
5 Court to be risks inherent in the employment relationship. ( *Id.* at 750.) Furthermore,
6 "[t]he emotional distress which stems from an employer's unfavorable supervisory
7 decisions, including termination of employment, is a normal part of the employment
8 relationship, even when the distress results from an employer's conduct that is intentional,
9 unfair or outrageous." *(Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563,
10 577.)

11 The acts alleged by plaintiff here, ordering plaintiff to be escorted from the business
12 premises by security personnel and being terminated, fall within the category of
13 management conduct described in the cases above. Therefore, such conduct cannot, as a
14 matter of law, support a cause of action for intentional infliction of emotional distress.

15

16
17

    **2.**    **Even if Plaintiff Could Allege Extreme and Outrageous
Conduct, His Fifth Cause of Action for Intentional Infliction of
Emotional Distress Against Hauff is Preempted by the Worker's
Compensation Act.**

18 California's Workers' Compensation System is the exclusive venue for the redress
19 of damages caused by workplace injuries. (Labor Code § 3602.) Unless plaintiff can
20 establish a cause of action against Hauff for wrongful termination in violation of public
21 policy or discrimination in violation of the Fair Employment and Housing Act, his claim
22 against Hauff for intentional infliction of emotional distress is preempted by the exclusive
23 remedy provision of California's Workers' Compensation Law.

24 In *Livitsanos v. Superior Court*, *supra*, 2 Cal.4th at 754, the California Supreme
25 Court held an employee who claims emotional or physical injuries resulting from a
26 termination is barred from pursing those claims outside the Workers' Compensation
27 System. The only exception to this rule is if the employee can separately state a cause of

28

-4-

1 action for wrongful termination in violation of public policy or a statutory claim for

2 discrimination. *(Phillips v. Gemini Moving Specialists ("Gemini"), supra*, 63 Cal.App.4th

3 at 577.) Plaintiff cannot satisfy either exception.

4 The facts in *Gemini* are very similar to the facts alleged here. In *Gemini* the

5 plaintiff alleged he was wrongfully terminated for complaining about unauthorized

6 deductions from pay and that the individually-named paymaster had engaged in conduct

7 giving rise to a claim for intentional infliction of emotional distress. ( *Id.* at 567.) The

8 court sustained the individual defendant paymaster's demurrer without leave to amend to

9 the cause of action for intentional infliction of emotional distress because "plaintiff can

10 have no cause of action against [the individual paymaster] for wrongful termination." *(Id.*

11 at 572.)

12 The plaintiff here faces the same problem as the plaintiff in *Gemini.* He cannot as

13 a mater of law state a claim for wrongful termination against Hauff because Hauff was not

14 his employer. *(Id.* at 576; *see also Seymour v. Christiansen* (1991) 235 Cal.App.3d 1168,

15 1180.) Hauff also cannot be held individually liable for discrimination. ( *Reno v. Baird*

16 (1998) 18 Cal.4th 640, 645.) Thus, because plaintiff cannot state a separate claim against

17 Hauff for wrongful termination or discrimination, his claim against Hauff for intentional

18 infliction of emotional distress fails as a matter of law.

19                                                    V

20                                         **CONCLUSION**

21 Plaintiff's claim for intentional infliction of emotional distress fails against both

22 defendants. The two acts alleged by plaintiff, allegedly ordering plaintiff to be physically

23 removed by security personnel and terminating his employment, do not fall outside the

24 normal employment relationship. Plaintiff's allegations cannot satisfy the essential element

25 for intentional infliction of emotional distress: extreme and outrageous conduct beyond

26 the bounds of all human decency. As an individual, Hauff also cannot be held liable for

27 intentional infliction of emotional distress. Even if plaintiff could overcome his failure to

28

-5-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
DEMURRER TO PLAINTIFF'S COMPLAINT

1   plead extreme and outrageous conduct, his claim for intentional infliction of emotional

2   distress would still fail as a matter of law because Hauff as an individual cannot be held

3   liable for wrongful termination in violation of public policy or unlawful discrimination.

4   Consequently, any claim for emotional distress that plaintiff could allege against Hauff

5   would be barred by the exclusive remedy provisions of the California Workers'

6   Compensation Act. Thus, because plaintiff cannot plead facts sufficient to support his

7   cause of action for intentional infliction of emotional distress, defendants' demurrer to

8   plaintiff's fifth cause of action should be sustained without leave to amend.

10   Dated: February $\underline{5}$, 2005.     WATSON, KHACHADOURIAN & IAMS, LLP

12                         By

13                              Kevin R. Iams
                             Attorneys for Defendants

-6-

1 | KEVIN R. IAMS (SBN: 154267)
   | WATSON, KHACHADOURIAN & IAMS, LLP
2 | 1000 G Street, 2nd Floor
   | Sacramento, California 95814
3 | Telephone: (916) 498-6240
   | Facsimile: (916) 498-6245
4 |
   | Attorneys for Defendants
5 |
6 |
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | IN AND FOR THE COUNTY OF MERCED
10 |
11 | MICHAEL LOPEZ, an individual,              Case No. 148165
12 |               Plaintiff,                    **REQUEST FOR JUDICIAL**
   |                                            **NOTICE IN SUPPORT OF**
13 | v.                                         **DEFENDANTS' DEMURRER TO**
   |                                            **PLAINTIFF'S COMPLAINT**
14 | CINGULAR WIRELESS FINANCIAL
   | CORP., a Delaware Corporation,             **Date:    March 3, 2005**
15 | TERRY HAUFF, an individual; and            **Time:    8:15 a.m.**
   | DOES 1 through 100, inclusive,             **Dept.:   2**
16 |
   |               Defendants.
17 |

18 |
19 |        Pursuant to California Evidence Code section 452(d), the defendants Cingular
20 | Wireless Financial Corp., a Delaware corporation and Terry Hauff, an individual, hereby
21 | request that this Court take judicial notice of plaintiff's complaint filed December 29,
   | 2004, a true and correct copy of which is attached hereto as Exhibit A.
22 |
23 | Dated: February 5, 2005.          WATSON, KHACHADOURIAN & IAMS, LLP
24 |
25 |
   |                          By
26 |                                  Kevin R. Iams
   |                                  Attorneys for Defendants
27 |
28 |

-1-
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
DEMURRER TO PLAINTIFF'S COMPLAINT

# EXHIBIT A

1  **DAVID A. ROBERTS, SBN 88723**
   **CASWELL, BELL & HILLISON, LLP**
2  **5200 North Palm Avenue, Suite 211**
   **Fresno, California 93704-2225**
3  **Telephone:   (559) 225-6550**
   **Telecopier:   (559) 225-7912**
4  **Email: droberts@caswellbell.com**

5  Attorneys for Plaintiff MICHAEL LOPEZ

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED

9                 MERCED BRANCH – UNLIMITED CIVIL

10                        *   *   *

11 MICHAEL LOPEZ, an individual,          Case No. **148165**

12            Plaintiff,

13       vs.

                                          **COMPLAINT**
14 CINGULAR WIRELESS FINANCIAL CORP.,     **FOR DAMAGES**
   a Delaware Corporation; TERRY HAUFF, an
15 individual; and DOES 1 through 100, inclusive,

16            Defendants.

17

18       Plaintiff MICHAEL LOPEZ, an individual, complains and alleges as follows:

19                     **Preliminary Allegations**

20       1.       At all times herein mentioned, Plaintiff MICHAEL LOPEZ, an individual ("Plaintiff")

21 was, and is now, a resident of the County of Madera, State of California.

22       2.       Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned

23 Defendant CINGULAR WIRELESS FINANCIAL CORP., a Delaware Corporation ("Defendant

24 CINGULAR"), was, and is now, a Delaware Corporation, with its principal place of business in Atlanta

25 State of Georgia, and was, and is now, engaged in business in the County of Merced, State of California

26 and elsewhere in the State of California.

27       3.       Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned

28 Defendant TERRY HAUFF ("Defendant HAUFF") was, and is now, a resident of the County

Complaint (00106899.WPD.1)                                          COMPLAINT FOR DAMAGES

1   MERCED, State of California, and that he committed the wrongful acts herein in the County of Merced,
2   State of California.

3   4.      Does 1 through 100, inclusive, herein are sued pursuant to Code of Civil Procedure
4   Section 474 and are in some manner responsible for the acts, occurrences, omissions and damages
5   alleged herein. Plaintiff will amend this complaint to state their true names and capacities when the
6   same have been ascertained.

7   5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,
8   each defendant was an agent or employee of each of the remaining defendants and, in doing the things
9   herein mentioned, was acting within the scope of such agency or employment, and that each defendant
10  ratified the acts or omissions of the remaining defendants.

11  6.      For approximately twenty (20) years, before his termination, Plaintiff had been
12  continuously employed by Defendant CINGULAR, or its predecessor, as a supervisor in its Customer
13  Service Division in the County of Merced, State of California. During this period of time, Plaintiff
14  enjoyed an excellent service record, received numerous commendations, high marks on all of his
15  performance reviews, and received regular and consistent pay raises.

16  7.      In late 2003, Defendant CINGULAR had just completed, or was in the process o
17  completing, a merger with AT&T Wireless after which Defendant CINGULAR would be the survivin;
18  entity. Defendant CINGULAR became aware that after the merger it would have a tremendous surplu
19  of middle-management supervising personnel. Plaintiff was classified as a middle managemen
20  supervisor. It was at this time, Plaintiff believes, and thereon alleges, that he was targeted fo
21  termination as a consequence of his age, nationality and ancestry. Plaintiff also believes, and thereo
22  alleges, that his termination was planned and timed so that Defendant CINGULAR would not have t
23  pay him his accrued but unpaid vacation time.

24  8.      In late 2003, as well, Defendant CINGULAR began looking for ways to reprimand an
25  find fault with the job that was being done by Plaintiff. In late 2003, Plaintiff received a telephone ca
26  from his daughter complaining about her cellular bill with Defendant CINGULAR. Plaintiff did n
27  personally handle the complaint, but referred it to another person within his division. Plaintiff
28  informed and believes, and thereon alleges, that this procedure did not violate any existing compan

1  policy. Nevertheless, Defendant CINGULAR seized upon this episode and with little or no
2  investigation terminated Plaintiff on December 30, 2003. If Plaintiff had been employed on
3  December 31, 2003, his rights to accrued vacation time would have attached and he would have been
4  entitled to vacation time benefits in the amount of Nine Thousand Four Hundred Twenty and 93/100
5  Dollars ($9,420.93).

6      9.     On December 30, 2003, Plaintiff was terminated from his position with Defendant
7  CINGULAR. On that day, upon the direct order of Defendant HAUFF, Plaintiff was physically and
8  forcibly escorted from the business premises by security personnel, and Plaintiff suffered humiliation,
9  mental anguish, and physical distress as a result of the actions taken by Defendant CINGULAR and
10  Defendant HAUFF.

11
                                  **First Cause of Action**
12
                                **(Against Defendant CINGULAR)**
13
                    Discrimination in Employment on Account of Age
14                   in Violation of Government Code Section 12941

15      10.    Plaintiff incorporates by this reference paragraphs 1 through 9, inclusive, of this
16  complaint.

17      11.    At all times herein mentioned, Defendant CINGULAR regularly employed more than
18  fifty (50) persons.

19      12.    The adverse employment actions taken against Plaintiff by Defendant CINGULAR, as
20  alleged herein, constituted unlawful discrimination in employment on account of age in violation of
21  Government Code Section 12941. Some or all of the adverse employment actions took place in the
22  County of Merced, and Plaintiff was terminated in the County of Merced.

23      13.    As a proximate result of the conduct of Defendant CINGULAR, as alleged herein.
24  Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional
25  amounts of money Plaintiff would have received as vacation benefits. As a result of the conduct of
26  Defendant CINGULAR, Plaintiff has suffered damages in an amount which will be shown according
27  to proof at trial.

28  ///

1      14.     As a further proximate result of the conduct of Defendant CINGULAR, as alleged

2  herein, Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has

3  suffered damages in an amount which will be shown according to proof at trial.

4      15.     Plaintiff is informed and believes, and thereon alleges, that the conduct of Defendant

5  CINGULAR, as described herein, was done with malice, spite, ill-will, fraud, oppression, and in

6  disregard of Plaintiff's rights.

7      16.     Plaintiff is informed and believes, and thereon alleges, that the individual defendants,

8  who committed the above conduct, were managing agents and/or supervisors of Defendant

9  CINGULAR, and that Defendant CINGULAR ratified the conduct of said individual defendants.

10     17.     By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under Civil

11  Code Section 3294 in an amount which will be shown according to proof at trial.

12     18.     Prior to filing this complaint, Plaintiff exhausted his administrative remedies and

13  received a right-to-sue notice from the California Department of Fair Employment and Housing.

14                             **Second Cause of Action**

15                          **(Against Defendant CINGULAR)**

16                   **Discrimination in Employment on**
                  **Account of National Origin and Ancestry**

17           **in Violation of Government Code Section 12940**

18     19.     Plaintiff incorporates by this reference paragraphs 1 through 9, inclusive, of this

19  complaint.

20     20.     Under both the Fair Employment and Housing Act, and the policy of Defendant

21  CINGULAR, Plaintiff was entitled to be free of discrimination because of his national origin and/or

22  ancestry.

23     21.     The actions taken by Defendant CINGULAR, as alleged herein, were intended to

24  interfere with and discriminate against Plaintiff on account of his national origin and/or ancestry in

25  violation of Government Code Section 12940. The actions of Defendant CINGULAR were committed

26  in the County of Merced.

27     22.     As a proximate result of the conduct of Defendant CINGULAR, as alleged herein.

28  Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional

1  amounts of money which Plaintiff would have received as vacation benefits. As a result of the conduct

2  of Defendant CINGULAR, as alleged herein, Plaintiff has suffered damages in an amount which will

3  be shown according to proof at trial.

4  23.   As a further proximate result of the conduct of Defendant CINGULAR, as alleged

5  herein, Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has

6  suffered damages in an amount which will be shown according to proof at trial.

7  24.   Plaintiff is informed and believes, and thereon alleges, that the conduct of Defendant

8  CINGULAR, as alleged described herein, was done with malice, spite, ill-will, fraud, oppression, and

9  in disregard of Plaintiff's rights.

10  25.   Plaintiff is informed and believes, and thereon alleges, that the individual defendants,

11  who committed the above conduct, were managing agents and/or supervisors of Defendant

12  CINGULAR, and that Defendant CINGULAR ratified the conduct of said individual defendants.

13  26.   By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under Civil

14  Code Section 3294 in an amount which will be shown according to proof at trial.

15  27.   Prior to filing this complaint, Plaintiff exhausted his administrative remedies and

16  received a right-to-sue notice from the California Department of Fair Employment and Housing.

17  **Third Cause of Action**

18  **(Against Defendant CINGULAR)**

19  **Termination in Violation of Public Policy**

20  28.   Plaintiff incorporates by this reference paragraphs 1 through 27, inclusive, of this

21  complaint.

22  29.   Defendant CINGULAR's conduct in terminating Plaintiff in violation of Government

23  Code Section 12941 also violated a substantial and fundamental public policy of the State of California

24  which inures to the benefit of the public.

25  ///

26  ///

27  ///

28  ///

1                               **Fourth Cause of Action**

2                             **(Against Defendant CINGULAR)**

3                       **Termination in Violation of Public Policy**

4     30.     Plaintiff incorporates by this reference paragraphs 1 through 29, inclusive, of this

5 complaint.

6     31.     Defendant CINGULAR's conduct in terminating Plaintiff in violation of Government

7 Code Section 12940 also violated a substantial and fundamental public policy of the State of California

8 which inures to the benefit of the public.

9                                 **Fifth Cause of Action**

10          **(Against Defendant CINGULAR and Defendant HAUFF)**

11             **Intentional Infliction of Emotional Distress**

12     32.     Plaintiff incorporates by this reference paragraphs 1 through 31, inclusive, of this

13 complaint.

14     33.     The conduct of Defendant CINGULAR and Defendant HAUFF, as alleged herein,

15 including, but not limited to, terminating Plaintiff for pretextural malfeasance, informing those that

16 worked with and for Plaintiff that he was terminated for malfeasance, and physically and forcibly

17 escorting him from the business premises were all for the purpose of causing Plaintiff to suffer

18 emotional and physical distress, and constitutes extreme and outrageous conduct. This conduct has

19 caused Plaintiff to suffer humiliation, mental anguish, emotional and physical distress and, as a result,

20 Plaintiff has suffered damages in an amount which will be shown according to proof at trial.

21     34.     By reason of the foregoing, Plaintiff is entitled to and seeks punitive damages under

22 California Civil Code Section 3294 in an amount which will be shown according to proof at trial.

23     WHEREFORE, Plaintiff prays for judgment as follows:

24     A.     On the First and Second Causes of Action:

25             1.     For loss of wages, salary, benefits, and related expenses according to proof a

26                 trial;

27             2.     For general damages according to proof at trial;

28             3.     For punitive damages according to proof at trial; and

1          4.    For attorney's fees and costs.

2     B.    On the Third and Fourth Causes of Action:

3          1.    For loss of wages, salary, benefits, and related expenses according to proof at

4                trial;

5          2.    For general damages according to proof at trial; and

6          3.    For punitive damages according to proof at trial.

7     C.    On the Fifth Cause of Action:

8          1.    For general damages according to proof at trial; and

9          2.    For punitive damages according to proof at trial.

10    D.    On all Causes of Actions:

11         1.    For costs of suit incurred herein; and

12         2.    For such other and further relief as the court deems just and proper.

13    Dated: December 28, 2004                    CASWELL, BELL & HILLISON, LLP

14                                                By: _____

15                                                David A. Roberts, Attorneys for
                                                  Plaintiff CHARLES ALHADEFF

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1 | **DAVID A. ROBERTS, SBN 88723**
**CASWELL, BELL & HILLISON, LLP**
2 | **5200 North Palm Avenue, Suite 211**
**Fresno, California 93704-2225**
3 | **Telephone:   (559) 225-6550**
**Telecopier:   (559) 225-7912**
4 | **Email: droberts@caswellbell.com**

5 | Attorneys for Plaintiff MICHAEL LOPEZ

6

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED

9 | MERCED BRANCH ~ UNLIMITED CIVIL

10 | *   *   *

11 | MICHAEL LOPEZ, an individual,

Case No. 148165

12 | Plaintiff,

13 | vs.

**NOTICE OF
PLAINTIFF'S NONOPPOSITION
TO DEFENDANTS' DEMURRER**

14 | CINGULAR WIRELESS FINANCIAL CORP.,
a Delaware Corporation; TERRY HAUFF, an
15 | individual; and DOES 1 through 100, inclusive,

Date:   March 3, 2005
Time:   3:15 a.m.
16 | Defendants.

Dept:   No. 2

17

18 | Plaintiff MICHAEL LOPEZ, an individual ("Plaintiff"), serves notice that Plaintiff does not

19 | oppose the Demurrer to Plaintiff's Complaint filed by Defendant CINGULAR WIRELESS

20 | FINANCIAL CORP., a Delaware Corporation, and Defendant TERRY HAUFF, in the above-captioned

21 | matter.

22 | Dated: February 17, 2005

CASWELL, BELL & HILLISON, LLP

23

By:   _David A. Roberts_

24 | David A. Roberts
Attorneys for Plaintiff MICHAEL LOPEZ

25

26

27

28

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA       ]
                            ] ss.
3 COUNTY OF FRESNO          ]

4

5      I declare that I am a citizen of the United States and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. I am employed in the office
6 of a member of the bar of this court at whose direction service was made. My business address is 5200 North Palm Avenue, Suite 211, Fresno, California, 93704-2225.
7
      On February 17, 2005, I served the within **NOTICE OF PLAINTIFF'S NONOPPOSITION**
8 **TO DEFENDANTS' DEMURRER** on the interested party(ies) to this action as follows:

9

10    Kevin R. Iams
    Watson, Khachadourian & Iams, LLP
11    1000 G Street, Second Floor
    Sacramento, California 95814

12

13 [X]    BY MAIL - by placing a true copy thereof enclosed in a postage prepaid, sealed envelope addressed to the party(ies) listed above for deposit for collection and mailing with the United
14 States Postal Service at Fresno, California, following this firm's ordinary business practice. I am readily familiar with this firm's business practice for collection and processing of
15 correspondence for mailing with the United States Postal Service and that this correspondence will be deposited with the United States Postal Service this same day in the ordinary course of
16 business.

17 []    OVERNIGHT DELIVERY - by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, addressed to the party(ies) listed above and depositing same
18 in a box or other facility regularly maintained by the overnight delivery service or delivering same to an authorized courier or driver authorized by the overnight delivery service to receive
19 documents.

20 []    BY HAND DELIVERY - by delivering a true copy thereof by hand on the party(ies) listed above.

21
22 []    BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the party(ies) listed above by using the telecopier number(s) below:

23      Telecopier Number(s):

24      I declare under penalty of perjury that the foregoing is true and correct. Executed in Fresno, California, on February 17, 2005.

25

26                              _____
                              Julie Murphy
27
28

# EXHIBIT D

1  KEVIN R. IAMS (SBN: 154267)  
   WATSON, KHACHADOURIAN & IAMS, LLP  
2  1000 G Street, 2nd Floor  
   Sacramento, California 95814  
3  Telephone: (916) 498-6240  
   Facsimile: (916) 498-6245  
4  
   Attorneys for Defendants  
5  
6  
7  
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA  
9                 IN AND FOR THE COUNTY OF MERCED  
10  

FILED  
MERCED COUNTY  
05 MAR 17 AM 10: 55  
CLERK OF THE SUPERIOR COURT  
BY — COLLEEN BROWN  

| 11 | MICHAEL LOPEZ, an individual, | ) | Case No. 148165 |
|----|-------------------------------|---|-----------------|
| 12 | Plaintiff, | ) | ORDER GRANTING DEMURRER TO PLAINTIFF'S COMPLAINT |
| 13 | v. | ) | |
| 14 | CINGULAR WIRELESS FINANCIAL | ) | Date: March 3, 2005 Time: 8:15 a.m. |
| 15 | CORP., a Delaware Corporation, TERRY HAUFF, an individual; and DOES 1 through 100, inclusive, | ) | Dept.: 2 |
| 16 | Defendants. | ) | |
| 17 | | ) | |

18       Defendants' demurrer to plaintiff's complaint was heard by the Court on March 3,

19  2005, before the Honorable Ronald W. Hansen. Kevin R. Iams of Watson, Khachadourian

20  & Iams appeared telephonically for defendants Cingular Wireless Financial Corp. and

21  Terry Hauff. Plaintiff filed a Non-Opposition to the demurrer. The Court, after taking

22  into consideration the papers filed herein, and there being no opposition to the demurrer,

23  ruled as follows:

24       **IT IS HEREBY ORDERED** that defendants' demurrer is sustained without leave

25  to amend. Defendants shall have 30 days to file their answer.

26  / / /

27  / / /

28  / / /

-1-
ORDER GRANTING DEMURRER

1    **IT IS SO ORDERED:**

2

3    Dated: March  $\bigcap$ , 2005                    RONALD W. HAN~~SON~~
                                                     Judge of the Supe~~rior Court~~

4

5

6    **APPROVED AS TO FORM:**

7
     **CASWELL, BELL & HILLISON, LLP**
8

9

10   By: _____

11   David A. Roberts
     Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
**ORDER GRANTING DEMURRER**

1 | **PROOF OF SERVICE**

2 | I, Sonja E. Hernandez, declare:

3 | I am a resident of the State of California and over the age of eighteen years, and not

4 | a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5 | California 95814. On March 15, 2005, I served the within documents:

6

7 | **[PROPOSED] ORDER GRANTING DEMURRER TO PLAINTIFF'S COMPLAINT**

8 | ☐ by transmitting via facsimile the above listed document(s) to the fax
9 | number(s) set forth below on this date before 5:00 p.m.

10 | ☒ by placing the document(s) listed above in a sealed envelope, and placed
the same with the firm's mailing room personnel for mailing in the
11 | United States mail at Sacramento, California in accordance with the
firm's ordinary practices, and addressed as set forth below.

12 | ☐ by placing the document(s) listed above for overnight delivery via
13 | Federal Express

14 | ☐ by causing personal delivery of the document(s) listed above to the
person(s) at the address(es) set forth below.

15

16 | David A. Roberts, Esq.
CASWELL, BELL & HILLISON, LLP
17 | 5200 North Palm Avenue, Suite 211
Fresno, CA 93704-2225

18

19 | I declare under penalty of perjury under the laws of the State of California that the

20 | foregoing is true and correct. Executed on March 15, 2005, at Sacramento, California.

21

22 | Sonja E. Hernandez

23

24

25

26

27

28

# EXHIBIT E

FILED
MERCED COUNTY

05 MAR 24 AM 9: 51

CLERK OF THE SUPERIOR COURT

BY_____ PATRICIA J. PIETRO
DEPUTY

1   KEVIN R. IAMS (SBN: 154267)
    **WATSON, KHACHADOURIAN & IAMS, LLP**
2   1000 G Street, 2nd Floor
    Sacramento, California 95814
3   Telephone:   (916) 498-6240
    Facsimile:    (916) 498-6245
4
    Attorneys for Defendants
5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF MERCED

10

11  MICHAEL LOPEZ, an individual,          )   Case No. 148165
                                           )
12              Plaintiff,                  )   **JUDGMENT**
                                           )
13  v.                                      )
                                           )
14  CINGULAR WIRELESS FINANCIAL            )        MAR 2 3 2005
    CORP., a Delaware Corporation, TERRY   )
15  HAUFF, an individual; and DOES 1        )        05-1   36
    through 100, inclusive,                 )
16                                          )
                Defendants.                 )
17

18          This Court, having on March 17, 2005, entered its order granting defendants' demurrer

19  to plaintiff's complaint,

20          **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**   that plaintiff

21  Michael Lopez, takes nothing by way of his complaint as to defendant Terry Hauff, and that

22  judgment be entered in favor of defendant Terry Hauff, and against plaintiff.

23                                                       RONALD W. HANSEN

24  DATED:_____ Mar 2, 2005  _____
                                             Hon. Ronald W. Hansen
25                                           Judge of the Superior Court

26

27

28

                                    -1-
                                 **JUDGMENT**

1    **PROOF OF SERVICE**

2        I, Sonja E. Hernandez, declare:

3        I am a resident of the State of California and over the age of eighteen years, and not

4    a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5    California 95814. On March 21, 2005, I served the within documents:

6    **[PROPOSED] JUDGMENT**

7

8        ☐    by transmitting via facsimile the above listed document(s) to the fax
9             number(s) set forth below on this date before 5:00 p.m.

10   ☒    by placing the document(s) listed above in a sealed envelope, and placed
            the same with the firm's mailing room personnel for mailing in the
11          United States mail at Sacramento, California in accordance with the
            firm's ordinary practices, and addressed as set forth below.

12       ☐    by placing the document(s) listed above for overnight delivery via
13            Federal Express

14       ☐    by causing personal delivery of the document(s) listed above to the
              person(s) at the address(es) set forth below.

15

16   David A. Roberts, Esq.
     CASWELL, BELL & HILLISON, LLP
17   5200 North Palm Avenue, Suite 211
     Fresno, CA 93704-2225

18

19       I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct. Executed on March 21, 2005, at Sacramento, California.

21                                          _____
22                                          Sonja E. Hernandez

23

24

25

26

27

28

1 | KEVIN R. IAMS (SBN: 154267)
WATSON, KHACHADOURIÁN & IAMS, LLP
2 | 1000 G Street, 2nd Floor
Sacramento, California 95814
3 | Telephone: (916) 498-6240
Facsimile: (916) 498-6245
4
Attorneys for Defendants
5
6
7

FILED
MERCED COUNTY

05 MAR 30   AM 8: 35

CLERK OF THE SUPERIOR COURT
**COLLEEN BROWN**

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF MERCED

10

11 | MICHAEL LOPEZ, an individual,    )    Case No. 148165

12 |                  Plaintiff,    )    **NOTICE OF ENTRY OF**
                                    )    **JUDGMENT**
13 | v.                             )

14 | CINGULAR WIRELESS FINANCIAL    )
CORP., a Delaware Corporation, TERRY )
15 | HAUFF, an individual; and DOES 1 )
through 100, inclusive,            )
16 |                                )
                  Defendants.      )
17

18 | **NOTICE IS HEREBY GIVEN** that judgment in favor of of defendant Terry Hauff,

19 | and against plaintiff was entered on March 23, 2005. A true and correct copy of said

20 | judgment is attached hereto.

21

22 | Dated: March ⸂⸃, 2005.        **WATSON, KHACHADOURIAN & IAMS, LLP**

23

24 |                          By:_____
                                  Kevin R. Iams
25 |                                State Bar No. 154267

26

27

28

-1-
NOTICE OF ENTRY OF JUDGMENT

FILED
HERCED COUNTY

05 MAR 24 AM 9: 51

CLERK OF THE SUPERIOR COURT

BY___ PATRICIA J. PIETRO
                    DEPUTY

1 | KEVIN R. IAMS (SBN: 154267)
**WATSON, KHACHADOURIAN & IAMS, LLP**
2 | 1000 G Street, 2nd Floor
Sacramento, California 95814
3 | Telephone:  (916) 498-6240
Facsimile:   (916) 498-6245
4 |
Attorneys for Defendants
5 |

6 |

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF MERCED

10 |

11 | MICHAEL LOPEZ, an individual,                )     Case No. 148165

12 |                        Plaintiff,            )     **JUDGMENT**

13 | v.                                           )

14 | CINGULAR WIRELESS FINANCIAL                  )
CORP., a Delaware Corporation, TERRY            )
15 | HAUFF, an individual; and DOES 1             )          MAR 2 3 2005
through 100, inclusive,                         )          05-1- - 36
16 |                                             )
                       Defendants.              )
17 |

18 | This Court, having on March 17, 2005, entered its order granting defendants' demurrer

19 | to plaintiff's complaint,

20 | **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff

21 | Michael Lopez, takes nothing by way of his complaint as to defendant Terry Hauff, and that

22 | judgment be entered in favor of defendant Terry Hauff, and against plaintiff.

23 |                                                     RONALD W. HANSEN

24 | DATED:_____ MAR 2 3 2005 _____
                                               Hon. Ronald W. Hansen
25 |                                            Judge of the Superior Court

26 |

27 |

28 |

-1-
**JUDGMENT**

1

## PROOF OF SERVICE

2      I, Sonja E. Hernandez, declare:

3      I am a resident of the State of California and over the age of eighteen years, and not

4   a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5   California 95814. On March 21, 2005, I served the within documents:

6
    **[PROPOSED] JUDGMENT**
7

8   ☐      by transmitting via facsimile the above listed document(s) to the fax
           number(s) set forth below on this date before 5:00 p.m.
9

10  ☒      by placing the document(s) listed above in a sealed envelope, and placed
           the same with the firm's mailing room personnel for mailing in the
11         United States mail at Sacramento, California in accordance with the
           firm's ordinary practices, and addressed as set forth below.
12
    ☐      by placing the document(s) listed above for overnight delivery via
13         Federal Express

14  ☐      by causing personal delivery of the document(s) listed above to the
           person(s) at the address(es) set forth below.
15

16  David A. Roberts, Esq.
    CASWELL, BELL & HILLISON, LLP
17  5200 North Palm Avenue, Suite 211
    Fresno, CA 93704-2225
18

19      I declare under penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct. Executed on March 21, 2005, at Sacramento, California.

21
                                    _Sonja E. Hernandez_
22                                  Sonja E. Hernandez

23

24

25

26

27

28

1 | **PROOF OF SERVICE**

2 |     I, Sonja E. Hernandez, declare:

3 |     I am a resident of the State of California and over the age of eighteen years, and not

4 | a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5 | California  95814.  On March 28, 2005, I served the within documents:

6 |
7 | **NOTICE OF ENTRY OF JUDGMENT**

8 |     ☐    by transmitting via facsimile the above listed document(s) to the fax
9 |           number(s) set forth below on this date before 5:00 p.m.

10 |     ☒    by placing the document(s) listed above in a sealed envelope, and placed
        the same with the firm's mailing room personnel for mailing in the
11 |         United States mail at Sacramento, California in accordance with the
        firm's ordinary practices, and addressed as set forth below.

12 |     ☐    by placing the document(s) listed above for overnight delivery via
13 |           Federal Express

14 |     ☐    by causing personal delivery of the document(s) listed above to the
15 |           person(s) at the address(es) set forth below.

16 | David A. Roberts, Esq.
CASWELL, BELL & HILLISON, LLP
17 | 5200 North Palm Avenue, Suite 211
Fresno, CA 93704-2225

18 |
19 |     I declare under penalty of perjury under the laws of the State of California that the

20 | foregoing is true and correct.  Executed on March 28, 2005, at Sacramento, California.

21 |
22 |                Sonja E. Hernandez

23 |
24 |
25 |
26 |
27 |
28 |

# EXHIBIT F

1  KEVIN R. IAMS (SBN: 154267)
   WATSON, KHACHADOURIAN & IAMS, LLP

2  1000 G Street, 2nd Floor
   Sacramento, California 95814

3  Telephone:    (916) 498-6240
   Facsimile:     (916) 498-6245

4
   Attorneys for Defendant CINGULAR

5  WIRELESS LLC, erroneously sued as
   "CINGULAR WIRELESS FINANCIAL

6  CORP., a Delaware Corporation"

FILED
MERCED COUNTY

'05 APR 13  PH 2: 13

CLERK OF THE SUPERIOR COURT
PATRICIA J. PIETRO
BY _____ DEPUTY

7
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8
                      IN AND FOR THE COUNTY OF MERCED

9

10
   MICHAEL LOPEZ, an individual,                )    Case No. 148165
11                                               )
                            Plaintiff,           )    **ANSWER TO COMPLAINT FOR**
12                                               )    **DAMAGES**
   v.                                            )
13                                               )
   CINGULAR WIRELESS FINANCIAL                   )
14 CORP., a Delaware Corporation, TERRY          )
   HAUFF, an individual; and DOES 1              )
15 through 100, inclusive,                       )
                                                 )
16                          Defendants.          )
                                                 )
17

18      Defendant Cingular Wireless LLC, including its subsidiaries and related companies

19 Cingular Wireless II, LLC and Cingular Wireless Employer Services, LLC, erroneously sued

20 herein as Cingular Wireless Financial Corp., a Delaware corporation ("answering defendant")

21 responds to plaintiff Michael Lopez's complaint for damages (the "complaint") as follows:

22 answering defendant denies generally each and every allegation of the complaint in

23 accordance with the provisions of Code of Civil Procedure section 431.30.  Answering

24 defendant also denies that plaintiff suffered injury or damage of any nature whatsoever, by

25 reason of any act or omission of answering defendant.  Answering defendant further denies

26 that plaintiff is entitled to any legal or equitable relief whatsoever from answering defendant.

27 / / /

28 / / /

-1-

ANSWER TO COMPLAINT FOR DAMAGES

**AFFIRMATIVE DEFENSES**

1.     **AS A FURTHER, SEPARATE, AND FIRST AFFIRMATIVE DEFENSE,** answering defendant alleges that the complaint fails to set forth sufficient facts to constitute a cause or causes of action against defendant.

2.     **AS A FURTHER, SEPARATE, AND SECOND AFFIRMATIVE DEFENSE,** answering defendant alleges that if plaintiff has suffered damages (which proposition is denied, but merely stated for purposes of this affirmative defense), then such damages were caused by plaintiff's own failure to act with that degree of ordinary care and prudence as would be exercised by reasonable persons under the same circumstances as plaintiff.

3.     **AS A FURTHER, SEPARATE, AND THIRD AFFIRMATIVE DEFENSE,** answering defendant alleges that if plaintiff has suffered damages (which proposition is denied, but merely stated for purposes of this affirmative defense), then plaintiff has failed to mitigate such damages, if any.

4.     **AS A FURTHER, SEPARATE, AND FOURTH AFFIRMATIVE DEFENSE,** answering defendant alleges that at all times mentioned herein, plaintiff was an at-will employee within the meaning of California Labor Code section 2922.

5.     **AS A FURTHER, SEPARATE, AND FIFTH AFFIRMATIVE DEFENSE,** answering defendant alleges that, by his conduct, plaintiff is estopped from asserting any claim for legal and/or equitable relief against defendant.

6.     **AS A FURTHER, SEPARATE, AND SIXTH AFFIRMATIVE DEFENSE,** answering defendant alleges that, by his conduct, plaintiff has waived any claim for legal and/or equitable relief against defendant.

7.     **AS A FURTHER, SEPARATE, AND SEVENTH AFFIRMATIVE DEFENSE,** answering defendant alleges that if any conduct of which plaintiff complains did occur (a proposition which is expressly denied, but merely stated for purposes of this affirmative defense), such conduct was privileged in that it was done as a result of defendant's good faith exercise of its sound business judgment.

-2-

8.   **AS A FURTHER, SEPARATE, AND EIGHTH AFFIRMATIVE DEFENSE**, answering defendant alleges that plaintiff's injuries, if any, arose out of and in the course of plaintiff's employment and therefore plaintiff's claims for damages as a result of such injuries are barred by the exclusive remedy provision of California's Workers' Compensation law.

9.   **AS A FURTHER, SEPARATE, AND NINTH AFFIRMATIVE DEFENSE**, answering defendant alleges that plaintiff's complaint, and each cause of action alleged therein, is barred by virtue of California Labor Code sections 2854 and 2856, respectively, in that plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with defendant's reasonable directions.

10.   **AS A FURTHER, SEPARATE, AND TENTH AFFIRMATIVE DEFENSE**, answering defendant alleges that plaintiff's complaint, and each cause of action alleged therein, is barred by plaintiff's failure to comply with answering defendant's express or implied policies governing plaintiff's employment.

11.   **AS A FURTHER, SEPARATE, AND ELEVENTH AFFIRMATIVE DEFENSE**, answering defendant alleges that the complaint and each purported cause of action alleged therein is barred by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 337, 339 and 340.

12.   **AS A FURTHER, SEPARATE, AND TWELFTH AFFIRMATIVE DEFENSE**, answering defendant alleges that if any conduct or publication of which plaintiff complains did occur (a proposition which is expressly denied, but merely stated for purposes of this affirmative defense), then such conduct was privileged pursuant to California Civil Code section 47.

13.   **AS A FURTHER, SEPARATE, AND THIRTEENTH AFFIRMATIVE DEFENSE**, answering defendant alleges that the complaint and all of its causes of action are barred by the doctrine of laches.

14.   **AS A FURTHER, SEPARATE, AND FOURTEENTH AFFIRMATIVE DEFENSE**, answering defendant alleges that plaintiff is barred from any relief in this action

-3-

1 | under the doctrine of unclean hands.

2 | 15. **AS A FURTHER, SEPARATE, AND FIFTEENTH AFFIRMATIVE**
3 | **DEFENSE**, answering defendant alleges that any and all conduct of which plaintiff
4 | complains and which is attributable to defendant was a just and proper exercise of
5 | management's discretion on the part of defendant, undertaken for fair and honest reasons
6 | under the circumstances then existing.

7 | 16. **AS A FURTHER, SEPARATE, AND SIXTEENTH AFFIRMATIVE**
8 | **DEFENSE**, answering defendant alleges that plaintiff is barred from seeking future lost
9 | wages as damages pursuant to the after-acquired evidence doctrine.

10 | 17. **AS A FURTHER, SEPARATE, AND SEVENTEENTH AFFIRMATIVE**
11 | **DEFENSE**, answering defendant alleges that it currently has insufficient knowledge or
12 | information upon which to form a belief as to whether it may have additional, as yet unstated,
13 | affirmative defenses available. Answering defendant reserves the right to assert additional
14 | affirmative defenses in the event that discovery indicates they would be appropriate.

15 | **WHEREFORE**, answering defendant prays for judgment as follows:

16 | 1. That judgment be entered against plaintiff and in favor of defendant in this
17 | action;

18 | 2. That plaintiff take nothing by way of legal and/or equitable relief in this action;

19 | 3. For reasonable attorneys' fees and costs of suit incurred herein; and

20 | 4. For such other and further relief as the Court deems just and proper.

21 |

22 | Dated: April 8, 2005. **WATSON, KHACHADOURIAN & IAMS, LLP**

23 |

24 | By

25 | Kevin R. Iams
   | Attorneys for Defendant CINGULAR
   | WIRELESS LLC

26 |

27 |

28 |

-4-
**ANSWER TO COMPLAINT FOR DAMAGES**

1                               **PROOF OF SERVICE**

2      I, Sonja E. Hernandez, declare:

3      I am a resident of the State of California and over the age of eighteen years, and not

4 a party to the within action; my business address is 1000 G Street, 2nd Floor, Sacramento,

5 California 95814. On April 8, 2005, I served the within documents:

6
**ANSWER TO COMPLAINT FOR DAMAGES**
7

8             by transmitting via facsimile the above listed document(s) to the fax
9             number(s) set forth below on this date before 5:00 p.m.

10    [X]   by placing the document(s) listed above in a sealed envelope, and placed
                 the same with the firm's mailing room personnel for mailing in the
11              United States mail at Sacramento, California in accordance with the
                 firm's ordinary practices, and addressed as set forth below.

12             by placing the document(s) listed above for overnight delivery via
13             Federal Express

14             by causing personal delivery of the document(s) listed above to the
             person(s) at the address(es) set forth below.
15

16 David A. Roberts
CASWELL, BELL & HILLISON, LLP
17 5200 North Palm Avenue, Suite 211
Fresno, CA 93704-2225
18

19      I declare under penalty of perjury under the laws of the State of California that the

20 foregoing is true and correct. Executed on April 8, 2005, at Sacramento, California.

21                                Sonja E. Hernandez

22                           Sonja E. Hernandez

23

24

25

26

27

28