**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CINGULAR WIRELESS, LLC, a )<br>Delaware Corporation; TERRY HAUFF, )<br>and DOES 1 through 100, inclusive, )<br>)<br>Defendants. )<br>_____) | CV F 05-0808 AWI SMS<br><br>**ORDER PERMITTING LATE FILING OF OPPOSITION, SETTING MODIFIED BRIEFING SCHEDULE AND DENYING ORDER SHORTENING TIME AS MOOT** |

In this action for damages for wrongful termination and willful infliction of emotional distress, defendant Cingular Wireless ("Defendant") has filed a motion for summary judgment on all claims for relief alleged by plaintiff Michael Lopez ("Plaintiff"). Plaintiff's motion for summary judgment was filed on May 8, 2006, and hearing was scheduled for Monday, June 19, 2006. Pursuant to Local Rule 78-230, Plaintiff's opposition brief was due not later than fourteen (14) days preceding the hearing date; that is, not later than Monday, June 5, 2006. Plaintiff filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure "to be relieved of counsel's mistake and excusable neglect . . . ."

Since there has been no judgement or order of the court, there is no basis for a motion pursuant to Rule 60. The court will instead construe Plaintiffs motion to simply be a request for leave to file a late opposition. The Ninth Circuit has "repeatedly held that a motion for summary

judgment cannot be granted simply because the non-moving party violated a local rule." <u>Couveau v. American Airlines</u>, Inc., 218 F.3d 1078, 1081-82 (9th Cir.2000). Cases should be decided on their merits whenever reasonably possible. <u>See</u> <u>Pena v. Seguros La Comercial</u>, S.A., 770 F.2d 811, 814 (9th Cir.1985). Since Plaintiff's failure to timely file an opposition does not entitle Defendants to summary judgment, and since the court would still be compelled to decide the issues presented on their merits, Defendants are not prejudiced by Plaintiff's late filing of his opposition so long as the deadline for submission of Defendants' reply brief is correspondingly extended. Leave to file a late brief in opposition to Defendants' motion for summary judgment will therefore be granted.

The court has examined the issues presented by Defendants' motion for summary judgment and finds that, upon complete briefing by the parties, the issue will be suitable for decision without oral argument. Local Rule 78-230(h). Should the court determine oral argument is warranted after further review of the parties' submitted materials, the court will set a date for or oral argument pursuant to Local Rule 78-230(h).

THEREFORE, it is hereby ORDERED that:

1. The date set for hearing on Defendants' motion for summary judgment, June 19, 2006, is hereby VACATED and no party shall appear at that time.
2. Plaintiff's request for leave to file a late opposition to Defendant's motion for summary judgment is hereby GRANTED. Plaintiff shall file and serve his opposition not later than 4:00 p.m., Friday, June 16, 2006.
3. Defendant may file and serve a reply brief not later than 4:00 p.m. Friday, June 23, 2006.
4. The court will take the matter under submission as of Friday, June 23, 2006, and will thereafter render its decision.
5. Plaintiff's motion for order shortening time is DENIED as moot.

1 | IT IS SO ORDERED.

2 | **Dated:**   **June 9, 2006**                              /s/ Anthony W. Ishii
0m8i78                                           UNITED STATES DISTRICT JUDGE

3